**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RONALD REEL** | : | **CIVIL ACTION NO.** |
| | : | **USM 19-838** |
| **VERSUS** | | |
| | : | **JUDGE JOHN W. deGRAVELLES** |
| **JAMES LEBLANC, ET AL** | | |
| | : | **MAGISTRATE JUDGE SCOTT D. JOHNSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

**MAY IT PLEASE THE COURT:**

Defendants, Marcus Jones and Tammy Hendrickson, submit this Memorandum in Support of Motion for Summary Judgment. For the reasons set forth below, no genuine issue of material fact remains in this case as to the claims discussed, and Defendants are entitled to judgment as a matter of law.

I.      <u>**STATEMENT OF THE CASE**</u>

Plaintiff, Ronald Reel, filed this suit on December 2, 2019, and later filed a supplemental complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 by James LeBlanc, Darrel Vannoy, Trent Barton, Charles Gooden, Marcus Jones, and Tammy Hendrickson. Pursuant to this Court's Opinion, all of Plaintiff's claims except those against Marcus Jones and Tammy Hendrickson in their individual capacities for allegations of excessive force were dismissed.[1] Plaintiff's remaining claims against Tammy Hendrickson allege that Defendant Hendrickson sexually assaulted him by performing oral sex on him, resulting in sores and rashes on his genitalia.[2] His claims against Marcus Jones allege that Defendant Jones sprayed Plaintiff with chemical agent directly into his eye, "rammed" his head into the concrete, struck him with a

---

[1] Rec. Doc. 11.
[2] *Id*. at p. 5.

1

metal object, stripped him naked, and sprayed chemical agent onto his gentalia, all while Plaintiff was hand-cuffed, causing injuries.[3] Defendants Hendrickson and Jones now file this Motion for Summary Judgment on the basis that Plaintiff has failed to exhaust his administrative procedures with regard to Hendrickson and that the Plaintiff both lacks evidence to support his allegations and that the evidence available contradicts his allegations.

II.    **LAW AND ARGUMENT**

a.  **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure ["FRCP"] provides in pertinent part that summary judgment will be granted when "... the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[5] Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.[6]

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.[7] If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.[8] A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. [9]

---

[3] *Id*.
[4] See *Celotex Corp. v. Catrett.* 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986); & *Lujan v. National Wildlife Federation*. 497 U.S. 871, 110 S.Ct. 3177, 3189 (1990).
[5] *Wyatt v. Hunt Plywood*, 297 F.3d 405,409 (5th Cir. 2002).
[6] *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574,106 S. Ct. 1348, 1356 (1986); *Washington v. Allstate Ins. Co.,* 901 F.2d 1281 (5th Cir. 1990).
[7] *Celotex,* 106 S.Ct. at 2553; & *Lujan*, 110 S. Ct at 3187.
[8] *Celotex*, 106 S.Ct. at 2553-54.
[9] *Kee v. City of Rowlett Texas*, 247 F.3d 206, 210 (5th Cir. 2001).

2

This burden is not satisfied with "some metaphysical doubt as to the material facts,"[10] by "conclusory allegations,"[11] by "unsubstantiated assertions,"[12] or by only a "scintilla" of evidence.[13] The court resolves factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.[14]  Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[15]  If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.[16]

### b.  Plaintiff Failed to Exhaust his Administrative Remedies as to Hendrickson

Under the Prison Litigation Reform Act, in order to proceed with a suit, an inmate must first exhaust the administrative remedy procedure available to him.[17]  In his Complaint, Plaintiff identifies ARP No. LSP-2019-0982 as "…the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed."[18]  In the Statement of the Claim portion of his Complaint, Plaintiff alleges that Defendant Hendrickson sexually assaulted him on April 23, 2019, causing sores and rashes to his genitals.[19]  There are no other direct allegations against Hendrickson in the Complaint.

However, when ARP No. LSP-2019-0982 is reviewed, the Plaintiff's allegations against

---

[10] *Matsushita,* 106 S.Ct. at 1356.
[11] *Lujan*, 110 S. Ct. at 3180.
[12] *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994).
[13] *Davis v. Chevron U.S.A. Inc.,* 14 F.3d 1082 (5th Cir. 1994).
[14] See *Lujan,* 110 S. Ct. at 3188.
[15] *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir. 1993).
[16] See *Evans v. City of Bishop,* 238 F.3d 586, 588-89 (5th Cir. 2000).
[17] 42 U.S.C. § 1997e(a).
[18] Rec. Doc. 1 at p.4.
[19] *Id.* at p. 5.

Hendrickson are that her "…Lies (*sic*) on inmate Reel triggered the deadly force attack on inmate Reel, by Major Marcus Jones."[20]  Specifically, Plaintiff alleges that Hendrickson lied about him returning to a courtroom in a disciplinary report.[21]  Per Plaintiff's allegations, these alleged lies are retaliation for his filing of his PREA-based ARP No. 2018-1950 which does not involve the corrections officers in this suit.[22]  Given that Plaintiff's ARP complaint against Hendrickson is not based on the sexual assault allegations made in his Complaint but is instead based on allegedly falsifying a disciplinary report in retaliation for a different ARP, it cannot be said that Plaintiff has exhausted his administrative remedies for a complaint he did not raise in his ARP.

Further, Plaintiff's Complaint admits that he attempted to seek remedy for his alleged sexual assault claims by Defendant Hendrickson through a separate document.  In his Complaint, Plaintiff states that "[o]n 5-14-19, I wrote Head Warden, Darrel Vannoy to file a federal (P.R.E.A.) Priso (*sic*) Rape Elimination Act complaint against, Tammy Hendrickson,"[23] and that "[a]s of this date, November 26, 2019, I still have not received an answer or disposition from the Federal P.R.E.A. Complaints I filed against, Major Marcus Jones and Tammy Hendrickson."[24]  Plaintiff's ARP at issue in this case, and which was exhausted, was drafted by Plaintiff on May 6, 2019.[25]  It is clear from the Plaintiff's own language and from review of the Plaintiff's ARP that ARP No. LSP-2019-0982 was not meant to and did not address the Plaintiff's claims of sexual assault by Tammy Hendrickson.  Instead, it was meant to address allegations of retaliation for a previous ARP through alleged false statements by Tammy Hendrickson and alleged excessive force by Marcus Jones.  Therefore, Plaintiff has not exhausted his administrative remedies as to his claims

---

[20] Exhibit A, Certified Copy of ARP LSP-2019-0982  at p. 4.
[21] *Id.*
[22] *Id.* at p. 6.
[23] Rec. Doc. 1 at p. 5.
[24] *Id.* at p. 6.
[25] Exhibit A at p. 6.

of sexual assault by Tammy Hendrickson.

      **c.   There are no *genuine* issues of material fact regarding plaintiff's allegations of sexual assault and head trauma:**

Plaintiff alleges that Defendant Hendrickson sexually assaulted him, causing sores and rashes to his genitals, and that Defendant Jones sprayed chemical agent directly in to his right eye, slammed his head into the ground, struck him with a metal object in the head, then sprayed more chemical agent onto his genitals, causing blisters.[26]  However, Plaintiff's medical records do not accord with his allegations.  On the day the alleged incidents occurred, April 23, 2019, the Plaintiff was seen by medical personnel.  At that time, he complained that he could not see out of his eyes, especially his *left* eye, secondary to the use of chemical agent and that he was also sprayed with chemical agent on his genitals.[27]  There are no other complaints listed and no trauma noted.

On May 1, 2019, the Plaintiff was again seen by medical personnel with complaints of blurry vision and sores on his penis; further stating that he had been sprayed with chemical agent on April 23, 2019.[28]  What the physician noted, however, was that there was no eye swelling or redness, no penile swelling or urinary difficulties, and there is no mention of any complaints relating to head trauma or trauma to any other part of the body.[29]

On May 15, 2019, Plaintiff's first medical record relating to Defendant Hendrickson is seen.[30]  On this date, Plaintiff alleges the sexual assault found in his complaint.  Noticeably absent, however, are any complaints relating to his genitals, his eyes, or any other area of his body.  In fact, it is specifically noted that the Plaintiff had no medical complaints at the time.[31]

---

[26] Rec. Doc. 1 at p. 5.
[27] Exhibit B, Certified Copy of Plaintiff's Medical Records, at p. 8.
[28] *Id*. at p. 6.
[29] *Id*.
[30] *Id*. at p. 5.
[31] *Id*.

The next day, Plaintiff is again seen, reiterating his complaints against Defendant Jones that he had been sprayed with chemical agent on his genitals and that it had caused him to have blisters on his penis.[32]  Again, the treating health care personnel notes a lack of blisters and notes that the Plaintiff made no other medical complaints.[33]

On May 29, 2019, the plaintiff was again seen complaining of sores and rashes from Hendrickson's alleged assault and blisters from Jones' alleged use of chemical agent.[34]  Again, there were notes of zero swelling, visible sores, or blisters and no other medical complaints.[35]  He was also seen the following day with continued complaints of eye blurriness, eye treatment not working, and voicing no other medical complaints.[36]  Interestingly, what the medical records do show is that the Plaintiff was diagnosed as farsighted on August 14, 2019, and provided prescription glasses on September 23, 2019.[37]

A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. [38]  The medical records show a complete lack of even complaints of physical trauma to the head or body, despite Plaintiff claiming to have been beaten with a metal object and having his head slammed into concrete.[39]  Such complaints do not arise until, and are found only within, the Plaintiff's ARP and Complaint.  There is no genuine issue of fact about Defendant Jones alleged slamming Plaintiff's head into concrete and beating him where Jones denies doing so and the Plaintiff lacks any signs of trauma in addition to denying any medical complaints relating to such an act.  Further, despite Plaintiff's claims of genital injury,

---

[32] *Id.* at p. 4.
[33] *Id.*
[34] *Id.* at p. 3.
[35] *Id.*
[36] *Id.* at p. 2.
[37] *Id.* at p. 9-10.
[38] *Kee v. City of Rowlett Texas*, 247 F.3d 206, 210 (5th Cir. 2001).
[39] Rec. Doc. 1 at p. 5.

medical records show a continual lack of evidence for these alleged injuries.

Similarly, complaints regarding sores allegedly caused by sexual assault from Defendant Hendrickson do not appear until over three weeks after the alleged incident, and the Plaintiff is self-contradictory. As the Court noted in the Magistrate Judge's Report and Recommendation, sexual assault claims for excessive force do not require a Plaintiff to suffer injury, therefore, the Plaintiff's lack of alleged sores and blisters is not, on its own, fatal to the Plaintiff's claim.[40] This said, we must consider the evidence available to us to determine if a reasonable jury could return a verdict for Plaintiff.[41] In his Complaint, Plaintiff alleges that he wrote to Head Warden Darrel Vannoy on May 14, 2019 to make his PREA claim against Defendant Hendrickson.[42] In the letter that Plaintiff cites in his complaint, Plaintiff claims that he executed a health care request form on May 1, 2019, to seek treatment for rashes and sores to his genitals that he claimed came from Defendant Hendrickson sexually assaulting him.[43] However, as discussed above, Plaintiff's May 1, 2019, medical treatment does not mention Defendant Hendrickson at all, only the alleged use of chemical agent by Defendant Jones.[44] In fact, no medical record shows Plaintiff attempting to relate his is alleged genital injuries to Hendrickson until May 29, 2019, and still medical personnel find no injuries.

In short, Plaintiff claims that an act occurred and caused him injury. The lack of injury or complaint in Plaintiff's medical records for weeks following the alleged incident, if ever, shows that there is no genuine issue of material fact as to these incidents actually occurring.

---

[40] Rec. Doc. 8 at p. 12 ft. note 62, *citing*, *Lagarde v. Metz*, civil action No. 13-805, 2017 WL 457654 at *4 (M.D. La. Feb 2, 2017).
[41] *See, Kee, supra*.
[42] Rec. Doc. 1 at p. 5.
[43] Exhibit C, Certified Copy of Plaintiff's Letter dated March 14, 2019 (It should be noted that this letter appears to be incorrectly dated March 14, 2019, by Plaintiff. Defendants grant Plaintiff the benefit of the doubt for this motion that the date was meant to be May 14, 2019, in accord with his Complaint).
[44] Exhibit B at p. 6.

### III.    CONCLUSION

An inmate must exhaust his administrative procedure remedies prior to bringing suit. While Plaintiff has exhausted an ARP relating to Defendant Jones' alleged excessive force and Defendant Hendrickson for allegedly lying to retaliate against him for filing a previous ARP, he has not exhausted any administrative remedy procedure relating to his allegation of sexual assault by Tammy Hendrickson.  Further, the documentary evidence available shows that there is no genuine issue of material fact that Plaintiff was not struck about the head or had his head "rammed" into concrete by Defendant Jones.  At no point did plaintiff ever complain about head trauma or being beaten.  Time and again, his medical records show only complaints relating to the use of chemical agent.

Additionally, the documentary evidence supports that no reasonable jury could return a verdict in favor of Plaintiff regarding his claims of sexual assault by Defendant Hendrickson or his allegations that Defendant Jones sprayed his genitals with chemical agent.  Plaintiff makes no mention of the alleged assault until nearly a month later, despite numerous opportunities to do so. Even when the plaintiff does first make the allegation, it is without reference to the alleged genital injury that supposedly prompted the complaint.  Similarly, despite his claims of blisters and sores on his genitals, medical providers repeatedly found no such symptoms or signs of trauma.  No reasonable jury could be expected to reach a verdict in favor of Plaintiff based on the available evidence, and, as such, there is no genuine issue of material fact.  For these reasons, the Defendants' Motion for Summary Judgment should be granted, and Plaintiff's claims against Tammy Hendrickson and Marcus Jones should be dismissed with prejudice and at Plaintiff's cost.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  */s/ Matthew Roth*
Matthew Roth (No. 37527)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, Fourth Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: RothM@ag.louisiana.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of December 2020, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I HEREBY FURTHER CERTIFY** that on this 7th day of December 2020, a copy of the foregoing was provided to pro se inmate plaintiff via U.S. First Class Mail, to the below name and address:

Ronald Reel
DOC #356002
Louisiana State Penitentiary
Angola, LA 70712

*/s/ Matthew Roth*
Matthew Roth (No. 37527)
Assistant Attorney General

9